UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT GAGNON, <br> a/k/a Missy Gagnon, <br><br>     Plaintiff <br><br> v. <br><br> CORRECT CARE SOLUTIONS, et al., <br><br>     Defendants | 2:16-cv-00547-GZS |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND RECOMMENDED DECISION AFTER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Scott Gagnon, also known as Missy Gagnon, an inmate in the custody of the Maine Department of Corrections, alleges that Defendant Correct Care Solutions acted with deliberate indifference to Plaintiff's serious health needs.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) On November 14, 2016, the Court ordered service of Plaintiff's complaint on Correct Care Solutions. On November 25, 2016, Plaintiff filed a motion to amend (ECF No. 10) and an amended complaint. (ECF No. 11.)

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's pleadings is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's pleadings are subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the pleadings, I grant the motion to amend, and recommend the Court dismiss certain claims set forth in Plaintiff's amended complaint.

1

## FACTUAL BACKGROUND

In Plaintiff's original complaint, Plaintiff alleges that Defendant has demonstrated deliberate indifference toward Plaintiff's need for certain medical treatment. Because the Court previously ordered service on Plaintiff's core claim, I do not address the claim in this Recommended Decision.

In Plaintiff's original complaint, Plaintiff also purports to assert a claim on behalf of two other inmates in the Maine Correctional Center. (Complaint at 6 – 7, ECF No. 1.) Through the amended complaint, Plaintiff purports to join as additional defendants the Maine Correctional Center and unnamed officials and corrections staff. (Amended Complaint at 2, ECF No. 11.) Plaintiff also asserts a new claim regarding mail at the Correctional Center. Plaintiff alleges that Defendant Correct Care Solutions and the proposed additional Defendants have worked "in collusion" and opened Plaintiff's mail without reasonable suspicion that it contained contraband, in violation of the applicable policy and Plaintiff's due process rights. (*Id.* at 5.)

## MOTION TO AMEND

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). To the extent the Court determines that a claim advanced or supplemented by means of a motion to amend would be futile because the facts fail to state a claim for which relief may be granted, the Court can deny the motion. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009).

Plaintiff filed the motion to amend and the amended complaint before any responsive pleading was filed in answer to the original complaint. Because Plaintiff is entitled to amend once

as a matter of course, the motion to amend is granted and Plaintiff's amended complaint is accepted as the operative pleading in this case. Certain claims set forth in the amended complaint, however, are susceptible to summary dismissal.

## SCREENING ANALYSIS

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the

complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

As a pro se litigant, Plaintiff cannot bring an action on behalf of other prisoners. The law permits individuals who are not licensed to practice law to represent their own interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same). Accordingly, the claims Plaintiff attempts to assert on behalf of others should be dismissed.

Plaintiff has also failed to assert an actionable mail-related claim. "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). However, "[l]awful incarceration brings about the

necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285 (1948). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives – including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Prisoners have a right to communicate in confidence with their counsel. When confidential attorney–client communication is conducted by mail, the right is generally preserved by opening properly identified legal mail in the presence of the prisoner without reviewing the content of the communication. *Wolff v. McDonnell*, 418 U.S. 539, 576 – 77 (1974); *Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 643 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1246, 194 L. Ed. 2d 184 (2016). Not all mail to or from a party who performs a "legal" function, such as a court clerk or district attorney, is subject to the attorney–client privilege,[1] and consequently the review of the contents of such mail does not ordinarily jeopardize a prisoner's right to access the courts, or otherwise violate the Constitution. *See*, *e.g.*, *Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007) (affirming summary dismissal of claim based on opening and inspection of "legal mail" from state attorney's office and from attorney discipline commission). Furthermore, a constitutional claim based on a prisoner's right to access the courts requires a showing of actual injury to that right. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *See also Oliver v. Fauver,* 118 F.3d 175, 178 (3d Cir. 1997) (holding that prisoner suffered no actual injury based on alleged interference with his outgoing legal mail to the court, where his mail arrived at the court and the court adjudicated his claim).

---

[1] In the context of communications with criminal defense counsel, the prisoner's Sixth Amendment rights are also implicated.

Here, Plaintiff has failed to assert any facts that would support a claim that Defendants have interfered with Plaintiff's ability to communicate with counsel, or have limited in any way Plaintiff's access to the courts. Rather, Plaintiff simply asserts Defendants opened the mail without reasonable suspicion that it contained contraband.

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "While the weight of professional opinion seems to be that inmate freedom to correspond with outsiders advances rather than retards the goal of rehabilitation, the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." *Procunier v. Martinez*, 416 U.S. 396, 412 – 13 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989) (holding that the *Martinez* standard applies when assessing the constitutionality of regulations concerning outgoing correspondence, while regulation of incoming mail is subject to a more deferential, reasonableness standard). Reviewing the content of outgoing prisoner mail is constitutional if it furthers "an important or substantial governmental interest unrelated to the suppression of expression" and the burden imposed is "no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.*; *Stow v. Grimaldi*, 993 F.2d 1002, 1004 – 1005 (1st Cir. 1993) (holding that reading outgoing prisoner mail does not ordinarily violate the Constitution). Simply stated, Plaintiff's general complaint regarding the opening of the mail fails to assert any facts that could reasonably support a mail-related claim.

Furthermore, to the extent Plaintiff proposes to join the Maine Correctional Center as a defendant, a suit against a state agency[2] is in effect a suit against the state itself. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority,[3] § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 10) is granted. In addition, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court

---

[2] The Maine Correctional Center is a state facility, whereas the Department of Corrections is a state agency. Although Plaintiff cannot proceed in this action against a state facility, presumably Plaintiff intended to assert his claim against the Department based on its operation of the Maine Correctional Center. *See* 34-A M.R.S. §§ 3001, 3401-3407.

[3] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
> …

42 U.S.C. § 1983.

dismiss Plaintiff's mail-related claims and the claims Plaintiff attempts to assert on behalf of others.

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on non-dispositive matters (i.e., the order on the motion to amend), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of December, 2016.